### JOSIAH PRIDEAUX v. STEPHEN COSTEN.

Court of Common Pleas. Kent. November 18, 1803.

*Rodney's Notes.*

*Wilson* [for plaintiff]. *Bayard* [for defendant].

Motion by *Mr. Bayard* for a nonsuit, that the evidence does not support the declaration.

PER CURIAM. We, having some doubts as to the effect of the evidence, overrule the objection.

Stephen Costen, to prove the loss of receipt.

Isaac Marshall. In 1801 Stephen Costen showed me a bill of goods and receipt at the bottom by Josiah Prideaux in which Bratton's note was mentioned.

Josiah Fisher. I saw the receipt. I think it was in full and that there were two witnesses.

James Gordon. I saw the receipt. It was in full.

*Wilson,* for plaintiff, in the opening.

*Bayard* for defendant. The note was certainly to pay for the goods. The only question now is whether we are answerable in consequence of the assumpsit. We contend we are not,—unless Prideaux had used all due diligence, [he] could not recover. The only method of showing due diligence is that of showing a suit to recover or insolvency.

*Wilson* in conclusion. The obligor was dead, and his estate in the hands of the Chancellor, therefore no suit was necessary. Esp.N.P. 167.

CHIEF JUSTICE. If special agreement proved, plaintiff may recover. If defendant became liable as indorser, it was also necessary to make him so for plaintiff to prove he brought a suit to recover, a statute, bankruptcy or insolvency.

Verdict for defendant.